UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
-------------------------------------------------------------------------X
ERYN RYAN,

              Plaintiff,

-against-

LANDSCAPE CONSTRUCTIONS, INC. And
JAMES RYAN,

              Defendants.
-------------------------------------------------------------------------X

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 AUG -4  PM 2:53

CLERK
BY _____
DEPUTY CLERK

VERIFIED COMPLAINT

5:17-cv-147

Plaintiff Eryn Ryan, by her counsel, The Weinstein Group, PC, alleges for her complaint against Defendants Landscape Constructions, Inc. and James Ryan as follows:

## NATURE OF THE ACTION

1. Plaintiff Eryn Ryan ("Plaintiff" or "Eryn") alleges, on behalf of herself and other similarly situated current and former employees of Defendant Landscape Constructions, Inc. ("Defendant" or "LC") who elect to opt into this action ("Collective Action Members"), pursuant to FLSA, 29 U.S.C. § 216(b), that Plaintiff and the Collective Action Members are entitled to (i) unpaid wages from Defendants; (ii) unpaid wages for overtime work for which Defendants did not pay Plaintiff and the Collective Action Members overtime premium pay, as required by law; (iii) liquidated damages; and (iv) attorneys' fees and costs of the action pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219.

2. Plaintiff also brings claims for unpaid overtime wages from Defendants on behalf of herself, pursuant to 21 V.S.A., §§ 384 *et seq.* which entitles Plaintiff to (i) recovery of twice the amount of the minimum wage less any amount actually paid by the employer; and (ii) the costs of the action and reasonable attorney's fees.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA").

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under 21 V.S.A., §§ 384 *et seq.* as those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of Vermont as a substantial part of the events giving rise to the claims occurred within this District.

## DEMAND FOR TRIAL BY JURY

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

## PARTIES

7. At all times relevant hereto, Plaintiff Eryn Ryan was and is an adult individual, residing in Windsor County, Vermont.

8. Upon information and belief, Defendant LC is a domestic corporation organized and existing pursuant to the laws of this State, providing landscaping and maintenance services to Vermont residences and businesses with its principal place of business at 9118 VT-30, Jamaica, Vermont 05343.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 2

9. Defendant James Ryan ("James") has personal liability for the damages set forth herein under 21 V.S.A. §345.

## COVERAGE UNDER FLSA

10. At all times relevant here to, Plaintiff was Defendants' "employee" within the meaning of the FLSA, as described below.

11. At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, as described below.

12. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

13. At all times relevant hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Upon information and belief, Defendants' annual gross revenue was in excess of $500,000 per annum during the relevant time period.

15. At all times relevant hereto, Plaintiff was subject to individual coverage of the FLSA.

## COVERAGE UNDER VERMONT STATE LABOR LAWS

16. At all times relevant hereto, Plaintiff was Defendants' "employee" within the meaning of 21 V.S.A. §302(2).

17. At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of 21 V.S.A. §302(1).

18. This action is authorized under 21 V.S.A. §395 by virtue of the Defendants' failure to pay the Plaintiff the applicable wage rate to which the Plaintiff is entitled.

## STATEMENT OF FACTS

I. Wage and Hour Allegations

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 3

19. On or about July 1, 2010, Defendant LC initially hired Eryn, without pay, as the secretary/office manager on a part-time basis at LC's office three days per week.

20. Plaintiff and Defendant James had a personal relationship from which they had son in August, 2010.

21. After the birth of their son, Plaintiff did not return to work until Summer of 2011, at which time Plaintiff took on a full time position.

22. Although working full time from the Summer of 2011, Plaintiff received no wages at all for the year 2011.

23. However, through her 2011 employment, her responsibilities concerned billing, daily office operations and customer service duties, including relationship building with clients for LC and providing customer service as directed by upper management.

24. Sometime in early 2012, Plaintiff began receiving a paycheck from LC in the amount of $162.00 per week or $4.05 her hour.

25. In 2011, minimum wage in Vermont was $8.06 per hour.

26. In 2012, minimum wage in Vermont was $8.15 per hour.

27. In 2013, minimum wage in Vermont was $8.60 per hour.

28. In 2014, minimum wage in Vermont was $8.73 per hour.

29. In 2015, minimum wage in Vermont was $9.15 per hour.

30. Defendants' claimed to have calculated Plaintiff's wages based on what was claimed was tax beneficial to her, and given that James claimed their children as dependents which gave LC a small write off.

31. This resulted in a weekly paycheck of $162.00/week paid to Plaintiff or $4.05 per hour.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 4

32. Defendant has failed to pay the Plaintiff prevailing wages pursuant to law.

33. Commencing in about May 2013, after the birth of their second child between Plaintiff and James, LC needed extra field help and Plaintiff was required to help multiple days per week in the field while still maintaining her full-time managerial duties around the office.

34. As Plaintiff became an integral part of LC, the list of responsibilities LC relied on her to handle and address grew, including but not limited to: communications with the employees and the customers, including addressing all aspects of LC's day-to-day operations, marketing, insurance, and, as mentioned above, field work.

35. At Defendants' demand, Eryn regularly worked over forty (40) hours per week:
    a. Contacting customers and tracking monthly sales;
    b. Missing hourly lunch breaks due to work requirements and lack of staff support;
    c. Working a required extended schedule resulting in a regularly documented work week greater than 40 hours every week.

36. In addition to failing to fairly compensating Eryn for her services, Defendants also failed to pay her at the appropriate rate for those hours worked above forty (40) per week.

37. Eryn frequently worked outside of normal business hours for LC.

38. The office phone number of (802)297-2089 was forwarded to Plaintiff's cell phone with the expectation of her answering calls outside of LC's normal business hours; before 9 AM, after 5 PM, and on weekends as well.

39. The foregoing was especially active during the winter months when plowing and sanding calls would be most active.

40. The business' e-mail accounts were also linked to Plaintiff's personal cell phone and

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 5

computer with the demand and expectation of Eryn answering calls and e-mails outside of LC's normal business hours.

41. Additionally, Defendant's principal, James Ryan, would regularly call Plaintiff as early as 6:30 am when he went into the office and demanded that she work late into the night after the children went to bed.

42. As such, Plaintiff is entitled to damages, including but not limited to, back pay, back pay at the overtime rate, liquidated damages, and attorneys' fees and costs.

II. Retaliation allegations

43. On or around November 9, 2016, upon Plaintiff filing for divorce from James Ryan, LC changed the lock code to the office and Plaintiff was not allowed back in.

44. Plaintiff was never given basis for her termination.

45. Plaintiff was never given a final paycheck.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Defendants Violated the FLSA by Failing to
Pay Wages and Failing to Pay Overtime Wages*

46. Plaintiff repeats, reiterates, realleges and incorporates by reference each of the foregoing paragraphs as if they were set forth again herein.

47. Defendants willfully failed to pay Plaintiff the applicable wages earned and failed to pay Plaintiff the applicable overtime wage, contrary to the requirements of the FLSA.

48. Plaintiff's primary duties were inside secretarial and sales work, not managerial work; therefore, it is a non-exempt position.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 6

49. As a result of Defendants' willful failure to compensate Plaintiff for hours actually worked up to forty (40) hours in a workweek, and the further willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA.

50. Due to Defendants' willful violation of the FLSA, Plaintiff is entitled to recover from Defendants, and each of them, her unpaid time, the balance of the proper wage, her unpaid overtime compensation, and an equal additional amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action.

51. Because of the willful act of not paying her the requisite minimum wage and ignoring completely overtime obligations and regulations, Plaintiff seeks her proper wages and overtime payments from November 2013 through November 2016.

**SECOND CAUSE OF ACTION**
*Defendants Violated 21 V.S.A. § 384 et seq. by*
*Failing to Pay Plaintiff Prevailing Wages*
*and Failing to Pay Overtime Wages*

52. Plaintiff repeats, reiterates, realleges and incorporates by reference each of the foregoing paragraphs as if they were set forth again herein.

53. At all relevant times, Plaintiff was employed by the Defendants within the meaning set forth in 21 V.S.A. §302.

54. Defendants willfully violated Plaintiff's rights by failing to pay her prevailing wages for services rendered, and further by failing to pay her overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 21 V.S.A. § 384(b) and its applicable regulations.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 7

55. Due to the Defendants' violations, Plaintiff is entitled to recover from the Defendants twice the amount of the minimum wage less any amount actually paid by the employer, together with costs and reasonable attorney's fees, pursuant to 21 V.S.A. § 395.

### THIRD CAUSE OF ACTION
*Defendants Violated the FLSA by Retaliating Against Plaintiff*

56. Plaintiff repeats, reiterates, realleges and incorporates by reference each of the foregoing paragraphs as if they were set forth again herein.

57. The FLSA prohibits an employer to discriminate or retaliate against any employee for complaining of violations of rights the FLSA protects.

58. Plaintiff complained of numerous violations of laws, rules, and/or regulations concerning substantial and specific dangers to public health and safety including, but not limited to complaints involving undocumented workers, the failure to pay taxes and the failure to pay wages to employees.

59. Defendant terminated Plaintiff for complaining of FLSA violations.

60. As a direct and proximate consequence of Defendant's conduct, Plaintiff has been denied salary, wages, employment benefits, professional advancement, and actual monetary losses.

61. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

### FOURTH CAUSE OF ACTION
*Failure to Provide Wage Notices*

74. Plaintiff repeats, reiterates, realleges and incorporates by reference each of the foregoing paragraphs as if they were set forth again herein.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 8

75. Defendants are obligated by law to provide certain written notices to all employees.

76. In acknowledgment of the foregoing, the Vermont State Department of Labor conveniently provides printouts of those posters that employers must display.

77. Such mandatory notices include, but are not limited to:

    (a) Earned Sick Time Poster;

    (b) Earned Sick Time Poster in Spanish;

    (c) Employers Liability and Workers Compensation;

    (d) Equal Employment Opportunity Law;

    (e) Employers Reinstatement Liability Poster;

    (f) National Labor Relations Board Poster;

    (g) Child Labor Law Posters;

    (h) Family Leave Poster;

    (i) Healthcare Whistleblower's Protection Act;

    (j) Minimum Wage Poster;

    (k) Sexual Harassment is Illegal;

    (l) VOSHA Health and Safety Protection on the Job Poster;

    (m) Mandatory Federal Posters;

    (n) Unemployment Insurance Poster; and

    (o) Posting of Safety Records.

78. Defendants, and each of them, failed to provide any of the foregoing notices pursuant to Vermont State Labor Laws.

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 9

79. In view of the foregoing, Plaintiff herein demands judgment in an amount to be determined at Trial but consistent with the fines and penalties levied against employers who fail to provide adequate notices to their employees.

## REQUESTS FOR RELIEF

**WHEREFORE**, the individually named Plaintiff respectfully requests that this Court grant the following relief:

   a.  on Plaintiff's first claim, an award of unpaid wages and unpaid overtime compensation due under the FLSA; and an award of liquidated and/or punitive damages as a result of the Defendant' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

   b.  On Plaintiff's second claim, an award of her unpaid wages and her unpaid overtime compensation due under the 21 V.S.A., §§ 301 *et seq.*, and an award of twice the amount of the any unpaid wage less any amount actually paid by the employer, together with costs and reasonable attorney's fees as a result of the Defendant's willful failure to pay minimum and/or overtime compensation;

   c.  on Plaintiff's third claim, an amount unknown and to be determined at trial;

   d.  on Plaintiff's fourth claim, an amount unknown and to be determined at trial;

   e.  an award of prejudgment and post judgment interest;

   f.  an award of costs and expenses of this action together with reasonable

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 10

       attorneys' and expert fees; and

g.   such other and further relief as this Court deems just and proper.

Dated:  Manchester Center, Vermont
     July 24, 2017

          Respectfully submitted,

          **THE WEINSTEIN GROUP, PC**

          */s/ Lloyd J. Weinstein*

          Lloyd J. Weinstein, Esq. (LW2395)
          9 V.S.A. §271(9)
          ljw@theweinsteingroup.net

VT:  3556 Main Street, Second Floor
    Manchester Village, Vermont 05254
    Tel: 802 768 1095
    Fax: 631 415 0848

NY:  6800 Jericho Turnpike, Suite 112W
    Syosset, New York 11791
    Tel: 516 802 5330
    Fax: 516 802 5332

    **USE NY ADDRESS FOR
    ALL MAILINGS**

The Weinstein Group PC
3556 Main Street
Manchester Village, VT 05254
Tel: (802) 768 1095
Fax.: (631) 415 0848
ljw@theweinsteingroup.net

Page 11